Evan Livingstone, SBN 252008
LAW OFFICE OF EVAN LIVINGSTONE
2585 Sebastopol Rd, Unit 7265
Santa Rosa, CA 95407
Tel.: (707) 280-2791
Fax: (707) 676-9112
Email: evanmlivingstone@gmail.com

Attorney for Plaintiff
MARIA L. BINCHET

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA L. BINCHET<br><br>Plaintiff,<br><br>vs.<br><br>ARROYO GRANDE VILLAS, L.P., a California limited partnership; NAPA VALLEY COMMUNITY HOUSING, a California nonprofit public benefit corporation; and BURBANK HOUSING MANAGEMENT CORPORATION, a California nonprofit public benefit corporation,<br><br>Defendants. | Case No. 3:26-cv-13903<br><br>**COMPLAINT**<br><br>1. Housing Discrimination – Refusal to Make Reasonable Accommodation (42 U.S.C. § 3604(f)(3)(B))<br><br>2. Housing Discrimination – Refusal to Make Reasonable Accommodation (Cal. Gov. Code §§ 12927(c)(1), 12955, 12989.1)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MARIA L. BINCHET brings this Complaint against Defendants ARROYO GRANDE VILLAS, L.P., NAPA VALLEY COMMUNITY HOUSING, and BURBANK HOUSING MANAGEMENT CORPORATION, and alleges as follows:

**INTRODUCTION**

1. This is an action for damages and declaratory and injunctive relief for housing discrimination in violation of the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 et seq. (the “FHA”), and the California Fair Employment and Housing Act, Cal. Gov. Code § 12900 et seq. (“FEHA”).

2. Plaintiff is a 72-year-old tenant with severe myalgic encephalomyelitis and chronic fatigue immune dysfunction syndrome. She lives in an affordable housing apartment owned by Defendant Napa Valley Community Housing, leased to her by Defendant Arroyo

Grande Villas, L.P., and managed by Defendant Burbank Housing Management Corporation. On October 30, 2026, through counsel, Plaintiff asked Defendants, as a reasonable accommodation of her disability, to give her additional time and opportunity to cure the lease conditions on which Defendants based their eviction of her, and to rescind the eviction when she complies.

3. Defendants acknowledged receiving the request and promised to respond within the week. They never did. Defendants did not grant the request, deny it in writing, propose an alternative, ask for more information, or otherwise engage in any interactive process. Instead, they continued to enforce a writ of possession against Plaintiff. Defendants' failure to respond to a time-sensitive accommodation request, while they continued to pursue her removal from her home, is a refusal to make a reasonable accommodation.

**JURISDICTION AND VENUE**

4. This Court has original jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 3613(a) over Plaintiff's claim arising under the FHA.

5. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's state law claim, because it is so related to her FHA claim that it forms part of the same case or controversy.

6. Venue is proper in the Northern District of California under 28 U.S.C. § 1391(b), because all Defendants reside in this District, the dwelling at issue is located in this District, and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District.

7. Divisional Assignment. Under Civil Local Rule 3-2(c) and (d), this action arises in Napa County, where the dwelling is located and where the events and omissions giving rise to the claims occurred. Assignment to the San Francisco or Oakland Division is proper.

**PARTIES**

8. Plaintiff MARIA L. BINCHET is a natural person who resides at 1899 Finnell Road, Unit 123, Yountville, California 94599 (the "Unit"). She is 72 years old. She has a handicap as defined by 42 U.S.C. § 3602(h) and a physical disability as defined by Cal. Gov. Code § 12926(m), and she is a senior citizen and a disabled person as defined by Cal. Civ. Code

§ 1761(f) and (g).

9. Defendant NAPA VALLEY COMMUNITY HOUSING ("NVCH") is a California nonprofit public benefit corporation (California Secretary of State Entity No. 808450) with its address at 150 Camino Dorado, Napa, California 94558.

10. NVCH is the owner of the Arroyo Grande Villas apartment complex in Yountville, California (the "Property"), which includes the Unit. On information and belief, NVCH is also the general partner of AGV. NVCH is in the business of renting dwellings as defined by 42 U.S.C. § 3602(b) and (e).

11. Defendant ARROYO GRANDE VILLAS, L.P. ("AGV") is a California limited partnership (California Secretary of State File No. 200722700033) with its principal address at Five Financial Plaza, Suite 200, Napa, California 94558.

12. AGV is Plaintiff's landlord under her written lease for the Unit, and it was the plaintiff in the state court unlawful detainer action described below. AGV is in the business of renting dwellings as defined by 42 U.S.C. § 3602(b) and (e), and rents the Unit to Plaintiff.

13. Defendant BURBANK HOUSING MANAGEMENT CORPORATION ("Burbank") is a California nonprofit public benefit corporation (California Secretary of State File No. 1833750) with its principal address at 1425 Corporate Center Parkway, Santa Rosa, California 95407.

14. Burbank manages the Property, including the Unit, on behalf of NVCH and AGV. Among other things, Burbank collects rent, enforces the lease and community rules, and receives and decides tenants' requests for reasonable accommodation.

15. At all relevant times, each Defendant was the agent of each of the other Defendants and acted within the course and scope of that agency.

## FACTUAL ALLEGATIONS

16. Plaintiff has lived in the Unit since January 2012, nearly fifteen years. She rents the Unit under a written Residential Lease for Tax Credit Properties dated on or about January 1, 2025, which continued as a month-to-month tenancy at the end of its term. Her current rent is $1,173.00 per month.

17. Plaintiff has two serious medical conditions: severe myalgic encephalomyelitis (ME), and chronic fatigue immune dysfunction syndrome (CFIDS). These are two separate diagnoses. She is also immunocompromised.

18. Plaintiff's conditions cause her significant pain, and many ordinary movements are painful for her. She cannot stand for more than two to three minutes at a time, and she is approximately 98% bedbound. Her conditions limit the use of her arms and hands, and they severely limit her stamina and her ability to perform basic living tasks, including the sustained physical work of cleaning and organizing her home.

19. Plaintiff's treating physicians at Kaiser Permanente have documented her disability. In a letter dated July 27, 2012, Matthew Nathan Joseph, MD, stated that Plaintiff suffers from a very debilitating illness that affects her stamina and her ability to accomplish basic living tasks. In a letter dated August 13, 2026, Carlo Dominic Tarantino, MD, stated that Plaintiff suffers from a severely disabling illness and asked that her disability needs be accommodated as they arise.

20. Plaintiff's conditions substantially limit one or more of her major life activities, including standing, walking, lifting, performing manual tasks, and caring for herself.

21. Defendants have known of Plaintiff's disability throughout the events described in this Complaint.

22. On or about October 22, 2025, Defendants served Plaintiff with a 30-Day Notice to Perform Covenants or Quit (the "Notice"). The Notice alleged that the Unit was not kept in a clean, sanitary, and safe condition, citing obstructed paths to the entrances and exits, debris and garbage in the Unit, blocked access to facilities, odor, and insects; that the fenced backyard was not kept clean and safe enough to discourage infestation; and that the locks had been changed without management approval.

23. Curing the principal conditions alleged in the Notice requires sustained physical labor, including clearing, cleaning, hauling, and yard work. That is the kind of exertion Plaintiff's disability prevents her from performing without assistance and without more time than a non-disabled tenant would need.

24. On January 15, 2026, AGV filed an unlawful detainer action against Plaintiff based on the Notice, Arroyo Grande Villas, L.P. v. Binchet, Napa County Superior Court Case No. 26CV000088. Following a jury trial on September 21 through 23, 2026, the court entered judgment on September 24, 2026, awarding AGV possession of the Unit and $11,629.00 in holdover damages. Plaintiff timely appealed (Appellate Division No. 26AP000041).

25. Shortly after the verdict, Plaintiff asked Defendants for additional time to vacate as an accommodation of her disability. In its Reasonable Accommodation Approval Notice dated September 25, 2026, Burbank agreed that the writ of possession would not issue before midnight on November 9, 2026. That accommodation concerned only the time for Plaintiff to vacate. It did not address any accommodation that would allow Plaintiff to remain in her home.

26. On or about October 20, 2026, Plaintiff paid AGV the full amount of the judgment, $11,629.00, by wire transfer to Burbank for the benefit of AGV.

27. On October 21, 2026, Plaintiff completed an intake with the Home Safe program of the Napa County Health & Human Services Agency. On October 27, 2026, Plaintiff and her Home Safe caseworker developed a written Housing Program Case Plan. The plan's first goal is making the Unit habitable through a cleaning service, and its action steps include obtaining quotes for de-cluttering and for ongoing cleaning and checking in with a medical advocate. Its second goal addresses Plaintiff's medical and health needs. Home Safe is also assisting Plaintiff in obtaining an In-Home Supportive Services (IHSS) worker to help with cleaning and organization.

28. On November 13, 2026, Plaintiff's Home Safe social worker, Alejandra Aylesworth, issued a letter confirming that Plaintiff was enrolled in Home Safe as of October 23, 2026, and that she will be working with Home Safe to create a safety plan to declutter her home and to obtain medical and health advocacy services. The letter explains that Home Safe serves older adults referred by Adult Protective Services, and that its services include housing-related intensive case management, housing-related financial assistance, deep cleaning to maintain safe housing, eviction prevention, and landlord mediation. Each Home Safe participant is assigned a social worker and a community aide to help the participant reach housing stability. On

November 13, 2026, Plaintiff's counsel provided the letter to Burbank and AGV.

29. A writ of possession issued in the state court action, and the Napa County Sheriff posted a Notice to Vacate at the Unit scheduling Plaintiff's lockout for November 18, 2026.

**Plaintiff's October 30, 2026 Request for Reasonable Accommodation**

30. On October 30, 2026, Plaintiff, through counsel, sent a written Request for Reasonable Accommodation (the "Request") by email and U.S. mail to Burbank and AGV.

31. The Request identified Plaintiff's disability and explained that her condition causes her significant pain, prevents her from standing for more than two to three minutes at a time, and severely limits her stamina and her ability to perform basic living tasks, including the sustained physical work of cleaning and organizing her home. The Request explained that, as a result, Plaintiff requires more time and opportunity to cure the conditions described in the Notice than would a non-disabled tenant.

32. The Request asked Defendants to modify their policy of evicting tenants who do not comply with the terms of the lease or the rules of the property, by giving Plaintiff additional time and opportunity to comply with the lease and rules, and by rescinding the eviction when she complies. The Request expressly stated that it was different from the accommodation described in Burbank's September 25, 2026 notice, which addressed only the time for Plaintiff to vacate.

33. The Request explained why the accommodation would not impose an undue financial and administrative burden or fundamentally alter Defendants' program: Plaintiff had paid the full $11,629.00 judgment and was willing and able to make all present and future rent payments. The Request explained that the accommodation would not pose a direct threat to the health or safety of others, because Plaintiff has never committed or threatened violence against any tenant or employee. The Request also explained that Plaintiff had enrolled in the Home Safe program, described her written case plan, and stated that she would keep Defendants informed of her progress through counsel and was committed to working out a realistic timeline, with measurable steps, to bring the Unit into compliance.

34. The Request attached the letters from Dr. Tarantino and Dr. Joseph, Plaintiff's Home Safe Housing Program Case Plan, and the wire transfer confirmation for her payment of

the judgment.

35. The Request asked Defendants to confirm in writing within three days that they would engage in the interactive process required by Cal. Code Regs., tit. 2, § 12177, and that they would not seek to enforce the writ of possession while the interactive process was under way. The Request stated that time was of the essence because of the pending writ of possession.

**Defendants' Failure to Respond to the Request**

36. On November 2, 2026, Burbank's General Counsel responded by email: "We are in receipt of your letter requesting an accommodation for Ms. Binchet. We will make every attempt to respond this week."

37. Defendants did not respond to the Request that week.

38. On November 10, 2026, Plaintiff's counsel emailed Burbank and AGV, stating that he had not received a substantive response to the Request. Counsel cited Cal. Code Regs., tit. 2, § 12177, subdivision (e), which provides that an undue delay, including a failure to respond to a request in a reasonable time, may constitute a denial of a reasonable accommodation. Counsel attached the Sheriff's Notice to Vacate, explained that the lockout was scheduled for November 18, 2026, and asked Defendants to direct the Sheriff to put the writ on hold while they engaged in the interactive process. Counsel asked Defendants to advise how they wished to proceed.

39. Defendants did not respond to the substance of either the Request or counsel's November 10, 2026, email.

40. As of the date of this Complaint, Defendants have not granted the Request, denied it in writing, stated any reason for not granting it, identified any alternative accommodation, requested any additional information, or proposed any meeting or discussion with Plaintiff or her counsel. Defendants have not agreed to refrain from enforcing the writ of possession while they consider the Request. Plaintiff's lockout remains scheduled for November 18, 2026.

41. Defendants' failure to respond to the Request within a reasonable time, given that they knew Plaintiff's lockout was imminent, together with their continued efforts to enforce the writ of possession, is a denial of the Request. Defendants have refused the Request without

engaging in the interactive process.

**The Requested Accommodation Is Necessary and Reasonable**

42. Because of her disability, Plaintiff cannot perform the physical work needed to cure the conditions described in the Notice herself, or within the time a non-disabled tenant would need. She can cure those conditions only with additional time and with the help of third parties, such as Home Safe, IHSS, and professional de-cluttering and cleaning services. Without the requested accommodation, Plaintiff will lose her home because of conditions her disability prevents her from correcting on Defendants' timeline. The accommodation is therefore necessary to afford Plaintiff an equal opportunity to use and enjoy her dwelling.

43. The requested accommodation is reasonable. Plaintiff has paid the judgment in full and has offered to pay all current and future rent. The accommodation requires Defendants only to allow additional time and to forbear from enforcing the eviction while Plaintiff, with assistance, brings the Unit into compliance. Defendants already demonstrated that forbearance was feasible when they agreed not to enforce the writ before November 9, 2026. Any concern Defendants may have about the pace of Plaintiff's progress could have been addressed through the interactive process, including the realistic timeline, measurable steps, and progress updates that Plaintiff offered in the Request.

**Harm to Plaintiff**

44. If Plaintiff is removed from the Unit, she faces the loss of the home where she has lived for nearly fifteen years. Because of her physical limitations, she cannot pack her belongings or move herself out of her home. If she is evicted, she will be homeless and will have to go to a shelter. Because she is immunocompromised, the opportunistic infections she would be exposed to in a shelter could overwhelm Plaintiff's immune system and cause her serious illness or even death. Her only income is Social Security benefits of $1,955.00 per month, which is less than the U.S. Department of Housing and Urban Development's Fiscal Year 2026 Fair Market Rent for a studio apartment in Napa County, and the Section 8 waiting lists in Napa County are closed.

45. As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer emotional distress, anxiety, and fear of losing her home, in an amount to be proved at trial.

46. Defendants knew of Plaintiff's disability, knew that the Request was time-sensitive, knew that her lockout was imminent, and promised to respond, yet failed to respond while continuing to pursue her removal. In doing so, Defendants acted with reckless or callous disregard of, or indifference to, Plaintiff's federally protected rights.

## CLAIMS FOR RELIEF

### COUNT I

Housing Discrimination – Refusal to Make Reasonable Accommodation (Fair Housing Amendments Act of 1988, 42 U.S.C. § 3604(f)(3)(B))

(Against All Defendants)

47. Plaintiff incorporates all the foregoing allegations as though fully set forth herein.

48. Plaintiff has a handicap, that is, a physical impairment that substantially limits one or more of her major life activities, as defined by 42 U.S.C. § 3602(h)(1).

49. The Unit is a dwelling as defined by 42 U.S.C. § 3602(b). Defendants rent the Unit to Plaintiff.

50. 42 U.S.C. § 3604(f)(1) and (f)(2) make it unlawful to otherwise make unavailable or deny a dwelling to any renter because of a handicap of that renter, or to discriminate against any person in the terms, conditions, or privileges of the rental of a dwelling because of a handicap of that person.

51. Under 42 U.S.C. § 3604(f)(3)(B), unlawful discrimination includes a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a handicap equal opportunity to use and enjoy a dwelling.

52. Defendants knew of Plaintiff's handicap. Plaintiff requested an accommodation of that handicap. The requested accommodation was necessary to afford Plaintiff an equal opportunity to use and enjoy her dwelling, and it was reasonable. Defendants refused to make the requested accommodation by failing to respond to it within a reasonable time while continuing to enforce the writ of possession, and without engaging in any interactive process to determine whether the Request, or an alternative, could be granted.

53. Plaintiff is an aggrieved person as defined by 42 U.S.C. § 3602(i), and she brings

this action within two years of the discriminatory housing practice, as required by 42 U.S.C. § 3613(a)(1)(A).

54. As a result of Defendants' violation of the FHA, Plaintiff has suffered actual damages, including emotional distress, in an amount to be proved at trial. Plaintiff is entitled to actual and punitive damages and injunctive relief under 42 U.S.C. § 3613(c)(1), and to reasonable attorney's fees and costs under 42 U.S.C. § 3613(c)(2).

55. In refusing the Request, Defendants acted with reckless or callous disregard of, or indifference to, Plaintiff's rights, entitling Plaintiff to punitive damages.

**COUNT II**

Housing Discrimination – Refusal to Make Reasonable Accommodation and Failure to Engage in the Interactive Process (Cal. Gov. Code §§ 12927(c)(1), 12955, 12989.1)

(Against All Defendants)

56. Plaintiff incorporates all the foregoing allegations as though fully set forth herein.

57. Cal. Gov. Code § 12955(a) provides that it is unlawful for the owner of any housing accommodation to discriminate against any person because of that person's disability. Under Cal. Gov. Code § 12927(c)(1), discrimination includes the refusal to make reasonable accommodations in rules, policies, practices, or services when those accommodations may be necessary to afford a disabled person equal opportunity to use and enjoy a dwelling.

58. Plaintiff has a physical disability as defined by Cal. Gov. Code § 12926(m). Defendants are owners of a housing accommodation, or persons acting on behalf of the owner, within the meaning of FEHA.

59. Under Cal. Code Regs., tit. 2, § 12176, subdivision (c), it is a discriminatory housing practice for any person to refuse to make reasonable accommodations, unless providing the requested accommodation would constitute an undue financial and administrative burden or a fundamental alteration of its program, would constitute a direct threat to the health and safety of others, or would cause substantial physical damage to the property of others. A request for a reasonable accommodation may be made at any time, including during litigation, at or after trial, and after judgment, and a request made during or following an unlawful detainer action is subject to the same regulations that govern requests made at any other time. (Cal. Code Regs., tit. 2, §

12176, subd. (c)(3), (c)(8)(B).)

60. Under Cal. Code Regs., tit. 2, § 12177, subdivision (a), whenever a person who receives a request for a reasonable accommodation cannot immediately grant it, that person must engage in a timely, good-faith interactive process with the individual with a disability or the individual's representative. Under subdivision (d), requests must be promptly considered. Under subdivision (e), an undue delay by the person considering the request, including when there is no response to the request in a reasonable time, may constitute a denial of a reasonable accommodation.

61. Defendants did not grant Plaintiff's Request, did not engage in a timely, good-faith interactive process, and did not respond to the Request within a reasonable time, despite knowing that Plaintiff's lockout was imminent. Defendants' undue delay and failure to respond constitute a denial of the Request and a refusal to make a reasonable accommodation, in violation of Cal. Gov. Code §§ 12927(c)(1) and 12955.

62. Under Cal. Gov. Code § 12989.1, an aggrieved person may commence a civil action not later than two years after the occurrence or termination of an alleged discriminatory housing practice. Under Cal. Gov. Code § 12989.2, if the court finds that a discriminatory housing practice has occurred, it may award the plaintiff actual and punitive damages, reasonable attorney's fees and costs, and may grant permanent or temporary injunctive relief and other orders.

63. As a result of Defendants' conduct, Plaintiff has suffered general damages in the form of emotional distress, in an amount to be proved at trial.

64. Defendants knew or should have known that Plaintiff is a senior citizen and a disabled person. Defendants' conduct threatens Plaintiff with the loss of her primary residence. Plaintiff is substantially more vulnerable than other members of the public to Defendants' conduct because of her age, poor health, and disability, and she has suffered substantial emotional damage as a result. Plaintiff is therefore entitled to an award of up to three times any fine, civil penalty, or other penalty, or other remedy the purpose or effect of which is to punish or deter, under Cal. Civ. Code § 3345.

65. Defendants acted with malice, oppression, or fraud, including despicable conduct carried on with a willful and conscious disregard of Plaintiff's rights, in doing the acts alleged herein. Plaintiff is therefore entitled to punitive damages under Cal. Civ. Code § 3294 and Cal. Gov. Code § 12989.2.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial, under the Seventh Amendment to the Constitution of the United States and Federal Rule of Civil Procedure 38, on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and each of them, as follows:

1. A declaration that Defendants' refusal to make the reasonable accommodation Plaintiff requested on October 30, 2026, and their failure to engage in the interactive process, violated 42 U.S.C. § 3604(f) and Cal. Gov. Code §§ 12927(c)(1) and 12955;
2. Preliminary and permanent injunctive relief, as authorized by 42 U.S.C. § 3613(c)(1) and Cal. Gov. Code § 12989.2, ordering Defendants to engage promptly and in good faith in the interactive process regarding Plaintiff's October 30, 2026 Request, to grant the requested accommodation or an equally effective alternative, and to refrain from further discrimination against Plaintiff because of her disability;
3. Actual damages, including damages for emotional distress, in an amount to be proved at trial, as authorized by 42 U.S.C. § 3613(c)(1) and Cal. Gov. Code § 12989.2;
4. Punitive damages as authorized by 42 U.S.C. § 3613(c)(1), Cal. Gov. Code § 12989.2, and Cal. Civ. Code § 3294;
5. Enhanced penalties under Cal. Civ. Code § 3345;
6. Reasonable attorney's fees and costs as authorized by 42 U.S.C. § 3613(c)(2) and Cal. Gov. Code § 12989.2;
7. Costs of suit; and
8. Such other and further relief as the Court deems just and proper.

Dated: November 16, 2026

Law Office of Evan Livingstone

/s/Evan Livingstone
Evan Livingstone
Attorney for Plaintiff
MARIA L. BINCHET